Mr. Schlesinger Mr. Schlesinger Good morning, your honors. May it please the court, I'm Jeff Schlesinger on behalf of the appellant Daniel Eckstrom. Mr. Eckstrom was charged with seven counts of production, distribution, and possession of child pornography, to which he pled guilty. He was sentenced to the maximum statutory penalty for each count, which resulted in a total sentence of 2,880 months. This type of case is an extremely difficult case for a defense attorney. As a parent, it's difficult to set aside personal feelings and deal with the personal revulsion at the nature of the offense to be able to provide appropriate representation. I think it's one of the most important functions of this court to be able to do the same. I understand why you're here and why it's really not a fun case. None of us like what's going on. Thank you, your honor. I recognize that, and I think the decisions show that to a large extent in that a number of very serious sentences have been affirmed on appeal. But I think the court does have to analyze whether the sentence is appropriate. Now, the court in this case did calculate a guideline range. The lowest offense level after application of enhancements for Mr. Eckstrom was 40, which is a sentence of 292 months. Because of the multiple counts, his offense level increased. What difference does it make whether he gets 200 or 2,000? How old is he? He's 32. 33 now. He just turned 33. So 200 months would be about, what, 17 years or so? Yes. So that would be lower. Right. Well, he got a total of 240 years. Not months. That's a long time. We had one recently where a guy got life plus 85 years. Well, but this was not a sentence. This was not a case in which a life sentence was applicable other than the guideline range. It just made them all consecutive. Right. What the court did was all the offense levels were greater than 43. Well, the total offense level was greater than 43 after application of enhancements. And so really none of the mitigating factors mattered at that point, at least to the court. Because 43 is a recommendation of a life sentence, the guidelines do instruct to stack consecutive sentences for the underlying counts sufficient to reach the recommended guideline sentence. However, it's our contention that 2,880 months is well in excess of a life sentence or the recommended guideline sentence. Well, no, it's not in excess of a life sentence. That's absurd. You can't sentence a person to more than life, right? It's not going to live for 2,000 years. Right. But it doesn't make any difference whether the judge says life or says 2,000 years or 10,000 years. Well, the judge couldn't say life in this case because there were statutory maxims. Yeah, but he can apparently. He can get it? He can impose a sentence of years that is a practical matters of life sentence, although, you know, there's always compassionate release and pardons and what have you. Right. What would you think would be an appropriate sentence? Well, we had recommended 30 years, which would be 360 months. So he'll be 62 in 30 years? Yes. Well, he'll still be a child molester. Well, he will be a convicted child molester. No, he'll still want to molest children. I believe the scientific evidence indicates that is the correct statement. Well, that suggests the sentence is too short. That is, a sentence of 32 years would be too short. I understand. But, well, there are other factors that the trial court needed to consider, and the chances of recidivism at that age are greatly reduced. I don't agree with that. Why? People are still sexually active in their 60s. Well, but especially as far as in familial child abusers, the statistical rate of recidivism is less than for people who solicit non-family members to molest. And, again, I think for any offense, according to the calculations I read in the guidelines, that the rate of recidivism does reduce. And also there's his lifetime supervised release, which I think would make it very difficult for anyone to reoffend, especially in light of the fact that computers are- Why would it be difficult? Well, because he's subject to probation review. I don't believe he can own a computer. Now, I'm not sure what the status is going to be in 30 years. Well, he was a molester. He's not just a child pornography. Correct. How old would his 14-year-old be? Well, he also would not be permitted to have- He doesn't need a computer to molest children. That's correct. But he would also not have the ability to be around minor children. And I understand that's not a guarantee at all, but that would be a condition of his supervised release, certainly not living in a household with any minor children. How old would his-he molested his daughter from 8 years old to 14 years old? I think it was 13 or 12. Okay. How old would she be getting out after that period of time? She would be- A whole lot younger than him. She would be in her 40s. If she's lucky and is still alive, he'd be out. Yes. And she's still alive and knowing that. Well, I don't know that she would know that he would be out or not. I mean, I believe she's with another family. She's changed her name, and hopefully she would be insulated from that. She certainly is now. Yes. Well, victims get notice when the offender is released. That's correct. Well, and she'd be an adult at that time, so there wouldn't be any question of whether foster parents or anybody would disclose that to her. But that does lead me to what I think is an important mitigating factor, and as a practitioner concerns me about Mr. Ekstrom, is that he did accept responsibility immediately for this offense. He turned over, gave access to his computers, he gave a statement. He did not initially admit two other children who were involved, but he did within hours, I believe, of his initial statement. And as a CJA attorney who does trial work, if a person charged with a crime like this asks me if he has any benefit in pleading guilty based upon the judge's decision here, I'd have to tell him no. It will make no difference. And what I'm concerned about is that if someone wants to put the victim through additional punishment or additional suffering or gets pleasure out of that, that gives them the opportunity to say, no, I want to go to trial. Well, this case could be proofed up by the video and pictorial evidence alone. It certainly could be. It's not like an actual sexual assault case where you need the victim's testimony. I believe the videos would be more than sufficient. However, I've been informed regularly by trial judges that the government can present its case in any fashion they wish, and I hope the government would not do it in this case. I don't think they would need to. But even so, there would be publicity about the case. Right, but the idea of credit for sparing the victim the need to testify is just not in play here because this is a manufacture and possession of child pornography case and not a sexual assault case. Well, right, but there were enhancement factors for actually participating in the sexual activity, although I think the videos would have shown that anyway. Right, but you don't need the victims to testify in order to prove up those enhancements. I understand, but there still is the publicity, and as the court has indicated, the concern about the victim's awareness of this, and certainly a sentence even of the 360 months or 1,000 months in this case would give the victim more peace of mind than having a trial coming up, at which point the defendant might even be acquitted. I don't see how that would be possible. For this reason, I did not intend to argue that Mr. Ekstrom's sentence was grossly disproportionate under the Eighth Amendment. I know the government spent quite a bit of time looking at the cases. His case is among the most serious, clearly. However, that doesn't absolve the trial court of considering the 3553 factors, primarily his expression of remorse and acceptance of responsibility. The legislative intent of the guidelines is to give some sort of credit for that. He got no credit at all.  He would not have gotten credit for any mitigating factor. But he'd need a lot of credit to get under life, right? Well, there's no specific determination of how much credit the judge gives. He just has to weigh the factors. And he did indicate at the sentencing statement he had weighed them, but the fact that he gave no consideration at all to these factors, we believe constitutes an abuse of discretion. Thank you. Okay, thank you very much, Mr. Schlesinger. Mr. Whalen? May it please the court. As I understand it, Mr. Eckstrom's not making an Eighth Amendment challenge, so we'll rest on our wreaths on that issue. I think he's now making a procedural error challenge. He's weighed that challenge by saying the district court addressed all his arguments in mitigation. But even on the merits, district court considered all the 3553 factors and considered Mr. Eckstrom's arguments. In particular, the district court did note that Mr. Eckstrom cooperated and that he pled. But as the district court also noted, and as Judge Sykes pointed out, really what choice did he have as a practical matter? Every piece of evidence the government needed was on the thousands and thousands of images or videos that he made of him sexually abusing three prepubescent girls. There was no need for the victims to testify. As I understand it, the government had no intention of calling the victims to testify if this went to trial. In terms of sentencing, the district court followed the procedures of the sentencing guidelines. In Section 1B1.1, the guidelines tell the district court how to calculate the offense levels. It says, calculate the offense level first, then you take off the three points for acceptance of responsibility. And if it's still above 43, then you go down to 43. Mr. Eckstrom got three points for acceptance of responsibility, but because of his actions, that took his base offense level from 58 down to 55. As Judge Posner noted, he would have needed another 12 points somehow of acceptance of responsibility to even get down to the maximum  Judge Simon addressed all of his arguments. As Judge Simon said in the sentencing, he's a judge that does occasionally disagree with the sentencing guidelines when it comes to child pornography cases. But he noted this wasn't the case to disagree. This was a case where the defendant began sexually abusing Jane Doe One when she was eight and did it day in and day out for four years. He transmitted those images online, and over 10,000 were found at the time of sentencing. He physically abused her. He gave her drugs. He described his relationship with her as a boyfriend-girlfriend relationship. Judge Simon noted all of this. He noted that Mr. Eckstrom sexually abused Jane Doe Two when she was six, recorded that, transmitted that online as well, and he noted that Mr. Eckstrom took lewd and lascivious pictures of Jane Doe Three when she was nine or 10. Judge Simon considered all the factors in this case. He noted that this was the single most disturbing case he'd seen on the bench. He noted Jane Doe One's victim impact statements and how distressing they were and how they painted a bleak picture. I honestly don't know what more Judge Simon could have considered. He gave Mr. Eckstrom some credit for taking classes in jail, but as he noted, that didn't outweigh the aggravating factors in this case. Judge Simon looked at the individual factors, Mr. Eckstrom's individual characteristics, and that's exactly why he gave this 240-year sentence. He did follow what the guidelines said, and because no count of conviction allowed him to impose a life sentence, he stacked the statutory maximums to as closely approximate life as he could. Unless the court has any questions, we would rest on our briefs, as to all other points, and ask that you affirm the sentence. Thank you, Mr. Whalen. Thank you. Mr. Schlesinger, anything further? Briefly, Your Honor. Again, the government cites the heinous facts in the case as justifying the sentence, and a life sentence is appropriate under the guidelines. We still believe that 2,880 months or 240 years is in excess of a life sentence, and the court needs to draw a line somewhere as to, regardless of the facts of the case, as to what constitutes a life sentence. Thank you. Okay, thank you to both counsel.